UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21- 01215 |
| | ) |
| $165,620.00 IN UNITED STATES | ) |
| CURRENCY, More or less, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Dustin J. Slinkard, Acting

United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States

Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2)

of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States

of America the following property: $165,620.00 in U.S. Currency, more or less (hereinafter

"defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2. The defendant property consists of: $165,620.00 in United States currency, more

or less, that was seized by the Dickinson County Sheriff on or about May 18, 2021 during an

investigation of a Ford Transit van operated by operated by Empyreal Logistics and driven by

Jamie Jordan on I-70 at milepost 281 in Dickinson County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4.      This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6.      The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7.      Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof*

*at trial.* Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

DUSTIN L. SLINKARD
United States Attorney

COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316)269-6484

3

## **DECLARATION**

I, Bryson Wheeler, Special Agent with the Drug Enforcement Administration in the

District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit

thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___ day of _____ , 2021.

SA Bryson Wheeler
DEA

4

## ⁻ AFFIDAVIT

I, Bryson Wheeler, being first duly sworn, depose and state:

1. Affiant is a Special Agent with the Drug Enforcement Administration and stationed in the District of Kansas. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeiture thereto.

2. The information contained in this affidavit is known to me through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.

3. On May 17, 2021, Dickinson County Sheriff's Deputy Kalen Robison stopped for a traffic violation a Ford Transit van on I-70 near milepost 275 in Dickinson County, Kansas. The van driver was Jamie Jordan, an employee of Empyreal Logistics, in Denver, Colorado. Jordan told Robison that her company transports cash from state marijuana dispensaries in Kansas City, Missouri across Kansas to a credit union in Colorado. Jordan was then on her way to Kansas City and the next morning would be collecting the cash proceeds from the marijuana businesses on the route. Jordan was released.

4. On May 18, 2021, following DEA surveillance of Jordan stopping at and entering multiple state marijuana dispensaries in Kansas City, Missouri, on I-70 near milepost 281 in Dickinson County, Kansas, Deputy Robison again stopped the Ford Transit van driven by Jordan.

5. Seized from the van was $165,620.00 in U.S. currency in 5 bags. Jordan confirmed to Robison that all of the currency was from multiple marijuana dispensaries in Kansas City, Missouri.

6. Later, at another location, a certified drug detection canine alerted to the odor of marijuana coming from the currency.

7. Affiant is aware that marijuana is a controlled substance and illegal under both federal and Kansas state law.

8. Based upon the information set out above, Affiant has probable cause to believe that the $165,620.00 seized by the Dickinson County Sheriff constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et. seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. § 853 and 881.

Bryson Wheeler, Special Agent
DEA

Sworn to and subscribed before me this 24th day of _____August_____ 2021.

SUSAN M. OBREGON
Notary Public - State of Kansas
My Appt. Expires June 6, 2023

Notary Public

My Commission Expires:  June 6, 2023