## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 6:21-cv-1215-HLT-KGG

$165,620.00 IN U.S. CURRENCY,
*More or less*,

        Defendant,

and

EMPYREAL ENTERPRISES, LLC,

        Claimant.

### **SCHEDULING ORDER**

On January 4, 2022, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, Kenneth G. Gale, conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel, Colin Wood. Claimant appeared through counsel, Tom Lemon.

After consultation with the parties, the Court enters this scheduling order:

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief.   The term "claimant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the Court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, Plaintiff must submit a good-faith settlement proposal to Claimant by **February 11, 2022**. Claimant must make a good-faith counter-proposal by **March 4, 2022**. By **March 18, 2022**, <u>unless</u> the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge). These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. These reports must <u>not</u> be filed with the Clerk's Office. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/adrreportrev20141.pdf*

2.     **Discovery.**

a.     All discovery in this case must be commenced or served in time to be completed by **May 20, 2022**. Under recent amendments to the Federal Rules of Civil Procedure, the Court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, <u>AND</u> (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

b.     If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by Plaintiff by **February 11, 2022**, and by Claimant by **February 25, 2022**; disclosures and reports by any rebuttal experts must be served by **March 18, 2022**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required

3

by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

     c.     The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

     d.     The Court considered the following discovery problem(s) raised by one or more of the parties:   None.

     e.     Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

The parties are unaware of any ESI, but should any be discovered, the parties have agreed to make hard copies to exchange.

     f.     Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: *None at this time*.

     g.     To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case [*e.g.*, the *Susman* pretrial or trial agreements, available at *http://www.trialbyagreement.com*]:

1) discovery disputes will be resolved with a phone call between lead counsel;

4

2) depositions will be taken by agreement and will be limited in number and length;

3) the parties will share the same court reporter and videographer;

4) papers may be served by email on all counsel;

5) documents will be produced on a rolling basis; and

6) production does not waive the privilege.

h.      No party may serve more than **25** interrogatories, including all discrete subparts, on any other party.

i.      No more than **5** depositions may be taken by Plaintiff, and no more than **5** depositions may be taken by Claimant. Each deposition must be limited to **4** hours. All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

j.      Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **January 22, 2022**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*Guidelines for Agreed Protective Orders for the District of Kansas*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate

basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). A pre-approved form of protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **January 28, 2022**.

k.      The parties do consent to electronic service of disclosures and discovery requests and responses. See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

l.      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive manner" mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these

restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.    Motions.**

    a.    Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties must be filed by **February 4, 2022**.

    b.    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by   **February 11, 2022**.

    c.    All other potentially dispositive motions (*e.g.*, motions for summary judgment), must be filed by **June 17, 2022**. The Court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

    d.    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, *i.e.*, summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as

uncontested. Further, the Court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

e.     All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **June 17, 2022**.

f.     If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion. But such a conference is not mandatory.

For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.

g.      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

h.      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

i.      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.      Pretrial Conference, Trial, and Other Matters.**

a.      The parties agree that principles of comparative fault do <u>not</u> apply to this case.

b.      Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **June 2, 2022 at 2:00 p.m.**; this pretrial conference will be conducted by telephone unless the judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person. Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference. No later than **May 26,**

**2022**, claimant counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*. The proposed pretrial order must <u>not</u> be filed with the Clerk's Office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

     c.     The parties expect the jury trial of this case to take approximately **1** trial day. This case will be tried in Wichita, Kansas. The court will subsequently set the case for trial.

     d.     The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

     e.     This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated January 10, 2022, at Wichita, Kansas.

/S KENNETH G. GALE
KENNETH G. GALE,
United States Magistrate Judge

11

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | 2/11/22 |
| Claimant's settlement counter-proposal | 3/4/22 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | 3/18/22 |
| Mediation completed | |
| ADR report filed by Defendant | 14 days after mediation |
| Supplementation of initial disclosures | Per rule and 40 days prior to discovery close |
| All discovery completed | 5/20/22 |
| Experts disclosed by plaintiff | 2/11/22 |
| Experts disclosed by claimant | 2/25/22 |
| Rebuttal experts disclosed | 3/18/22 |
| Physical and mental examinations | N/A |
| Jointly proposed protective order submitted to court | 1/22/22 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 1/28/22 |
| Motions to dismiss | 2/4/22 |
| Motions to amend | 2/11/22 |
| All other potentially dispositive motions (e.g., summary judgment) and motions challenging admissibility of expert testimony | 6/17/22 |
| Comparative fault identification | N/A |
| Status conference | N/A |
| Proposed pretrial order due | 5/26/22 |
| Pretrial conference | 6/2/22 at 2:00 p.m. |
| Trial; ETT; | T/B/D   (1 day) |