IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| v. ) | |
| ) | |
| $165,620.00 in UNITED STATES CURRENCY, ) | |
| *More or less,* ) | |
|     Defendant, ) | |
| ) | Case No.: 21-1215-HLT-KGG |
| and ) | |
| ) | |
| EMPYREAL ENTERPRISES, LLC. ) | |
|     Claimant ) | |
| _____) | |

## **FIRST AMENDED ANSWER**

Comes now Claimant, Empyreal Enterprises, LLC, a Pennsylvania limited liability company, d/b/a Empyreal Logistics, and for its Answer to Plaintiff's Complaint, denies each and every, all and singular, the material allegations contained therein, except such as are specifically admitted herein and further alleges and states as follows:

    1.    In answer to Paragraph 1 of the Complaint, Claimant has insufficient information to either admit or deny the allegations contained therein thus denies the allegations contained therein.

    2.    In answer to Paragraph 2 of the Complaint, Claimant has insufficient information to either admit or deny the allegations contained therein thus denies the allegations contained therein.

    3.    In answer to Paragraph 3 of the Complaint, Claimant has insufficient information to either admit or deny the allegations contained therein thus denies the allegations contained therein.

1

4. In answer to Paragraph 4 of the Complaint, has insufficient information to either admit or deny the allegations contained therein thus denies the allegations contained therein.

5. In answer to Paragraph 5 of the Complaint, has insufficient information to either admit or deny the allegations contained therein thus denies the allegations contained therein.

6. In answer to Paragraph 6 of the Complaint, Claimant denies the allegations contained therein.

7. In answer to the first sentence of Paragraph 7 of the Complaint, that sentence consists solely of a legal conclusion requiring no response, and thus it is denied. As to the second sentence of Paragraph 7 of the Complaint, it is denied.

8. Claimant denies Plaintiff's claim for relief.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses, Claimant alleges and states as follows:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. This Court does not have in rem jurisdiction over the Defendant property.

3. Venue is not proper in this Court.

4. There have been no violations of 21 U.S.C. § 841 with regard to the Defendant property.

5. The Defendant property is not subject to forfeiture under 21 U.S.C. § 881.

6. The Complaint does not comply with the requirements of Supplemental Rules G(2) of the Federal Rules of Civil Procedure.

7.     Plaintiff's claims should be barred as the conduct which generated the Defendant property was lawful under Missouri state law and tacitly or affirmatively allowed by the action of the United States Federal Government.

**8.     All defenses the Claimant has under the Fourth Amendment of the United States Constitution.  The Claimant asserts, but does not limit itself to, the fact that the initial stop of the Claimant's vehicle was improper and unlawful.  The officers did not have a lawful reason to stop the vehicle.  After the vehicle was stopped, the officers did not have a lawful reason to detain the vehicle or the driver.  Upon the detention of the vehicle and the driver, the officers did not have reason nor justification to question nor seize documents from the driver.**

**The second stop of the vehicle on August 18, was without any basis in fact or law and was unlawful.  The interrogation of the driver and the seizure of the vehicle and ultimately its contents were not supported by facts or law and were unlawful.**

**9.     Violation of Congressional Appropriations and the Spending Clause of the Constitution:  The Claimant has protection under the Consolidated Appropriations Act 2021, Pub. L. No 116-260, § 531, 134 (2020)(amended Dec. 3, 2021), commonly referred to as the Rohrabacher-Farr Amendment, which protects private entities, duly licensed and operating medical cannabis dispensaries under state law.  This Amendment prohibits the Department of justice from spending funds "to prevent [states that have legalized marijuana] from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana".  This is thus also a violation of the Spending Clause of the Constitution (Article I, Section 8, Clause 1).  The car stops and seizures were made in violation of the protections of Rohrabacher Farr appropriations rider.**

3

10. The seizure should be overturned as such is an excessive fine under U.S. Const. amend. VIII. The seizure of these funds acts as an excessive fine upon the Claimant. For the behavior that is alleged, the seizure of, in excess of $160,000, from a lawfully, organized and operating business is clearly excessive.

11. Due process clause violation. The United States of America and Dickinson County, Kansas violated the Claimants rights to due process under the law, as a result the seizure should be overturned.

12. Full faith and credit of the Missouri Law for those lawfully conducting business in Missouri. The source of these funds is activity that is lawful in Missouri. Lawfully earned currency was lawfully placed in a vehicle for transportation for a lawful deposit in a banking institution. The full faith and credit of Missouri Law should be guaranteed, when transporting these proceeds from one state (Missouri) where such activity is lawful to a second state (Colorado) where such activity is lawful. Moving currency from one state to another does not invoke some additional criminal activity or create some criminal action in and of itself supporting a seizure of the currency.

13. Fraudulent inducement and detrimental reliance: The Plaintiff through the Rohrabacher-Farr amendment and guidance through the Department of the Treasury Financial Crimes Enforcement Network guidance FIN-2014-G001, February 14, 2014, (and other rulings and guidance) have induced companies such as the Claimant to engage in the business for which they are now being penalized.

The Claimants were otherwise operating lawfully with respect to all federal guidelines and guidance. Once Claimants became comfortable in this lawful business, the Plaintiff seized their funds when such were concentrated in an armored vehicle versus taking such from the individual sale outlets. Such activity should not be allowed as, clearly,

**it is a bait and switch intended to merely concentrate the funds in vehicles where the Plaintiff can simply pick them off without any other costly enforcement action across the country.  The Claimant detrimentally relied or was fraudulently induced by the federal government to engage in this activity simply to collect the funds and concentrate such in one place for seizure.**

      **14.**     Claimant alleges by way of affirmative defenses all matters constituting avoidance or affirmative defense as permitted by F.R.C.P. Rule 8(c), upon which full discovery may be maintained.

    WHEREFORE, Claimant prays that Plaintiff take naught by its Complaint, that this Court enter an order dismissing the Complaint with prejudice; that they be awarded judgment for their costs and attorney's fees; and for such other and further relief as the Court deems just and equitable.

                                        CAVANAUGH, BIGGS & LEMON, P.A.

                                        s/  Thomas G. Lemon – 16120
                                            Vincent M. Cox – 22051
                                            3200 SW Huntoon Street
                                            Topeka, Kansas 66604
                                            TEL:  785/440-4000
                                            FAX:  785/440-3900
                                            ATTORNEYS FOR CLAIMANT

## **JURY DEMAND**

   Claimant requests a trial by jury of this matter on all issues so triable, and requests that the trial be held in Topeka, Kansas.

                                        CAVANAUGH, BIGGS & LEMON, P.A.

                                        s/  Thomas G. Lemon – 16120
                                            ATTORNEYS FOR CLAIMANT

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 9th of February 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Colin Wood, United States Attorney's Office.

                                    CAVANAUGH, BIGGS & LEMON, P.A.

                                    s/ Thomas G. Lemon - 16120
                                        ATTORNEYS FOR CLAIMANT