Thomas G. Lemon - 16120
CAVANAUGH, BIGGS & LEMON, P.A.
3200 SW Huntoon
Topeka, KS 66604
TEL: 785/440-4000
FAX: 785/440-3900
E-MAIL: tlemon@cavlem.com

David Christopher Bass – 296380 (CA)
Koeller Nebeker Carlson and Haluck LLP
1478 Stone Point Drive, Suite 435
Roseville, CA 95661
*Attorneys for Claimant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                Plaintiff,    ) | |
|                ) | |
| vs.     ) | Case No. 21-1215-HLT-KGG |
|                ) | |
| $165,620.00 in UNITED STATES CURRENCY,    ) | |
|                Defendant,    ) | |
|                ) | |
| and    ) | |
|                ) | |
| EMPYREAL ENTERPRISES, LLC.    ) | |
|              Claimant.    ) | |
| _____) | |

**CLAIMANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO STAY RESPONSE TO MOTION FOR SUMMARY JUDGEMENT**

In reply to the government's opposition, Claimant makes three simple statements.

**The Contradictory Use of a Declaration Obtained by the Government's Use of Discovery to Argue Claimant's Need for Discovery is Unnecessary**

Curiously, the government relies on a declaration from "Missouri program's legal counsel" to show that "Missouri has no regulatory scheme in place concerning the transportation of marijuana proceeds *out of Missouri*." (Government Response at 3 [emphasis in original].) Of course there is no regulatory scheme. Missouri cannot prohibit the movement of the federal dollar, (any more than Nevada can prohibit gambling proceeds from leaving the state). This is non sequitur. While the Government used its access to other state government officials to conduct its own case preparation, now that the Government produced this information, Claimant

is being prohibited from being given the time to inquire into this alleged smoking gun of the Government.

The Government further states: "Nor has the claimant shown how marijuana proceeds leaving Missouri impairs the use, distribution, possession, or cultivation of medical marijuana *in Missouri.*" (Id) Such is simple – that is what discovery is for. More importantly, this matter was in a discovery stay *requested by the government* at a time when we could have deposed the Missouri official. Indeed, taking proceeds from a for-profit cannabis business would certainly inhibit Missouri's cannabis program. This isn't a complicated issue. If Claimant can depose that official prior to filing its response the answer will be apparent.

Ultimately, the Government got what it wanted. It used the stay it requested to draft a motion for summary judgment. It now wants to proceed, unfairly, without giving Claimant the ability to conduct the discovery it needs.

## There are No Personal Attacks

The Claimant has brought to this Court's attention the timeline of the Government's actions and statements, both during the stop and in response to Claimant's discovery requests. These are the facts: The same prosecutor that is bringing this asset forfeiture case and prohibiting discovery is the same person that audibly summed up the Government's case theory *during the first stop*. That is: "Just seize it [the money] and we will argue about it [the legality of the seizure] later." This is evidence, and it is telling that the Government now seeks to prohibit discovery in any way that it can. Claimant brings those facts to the Courts attention because the statement is shocking and relevant, and the Government's use of a motion for summary judgment, after a stay that they requested, is equally shocking given the long line of case law regarding dispositive motions, discovery, and determining actions on their merits. That we point out, such looks like gamesmanship, is a fair and accurate observation by any civil litigator.

## The Allegation of Criminal Discovery in Sheep's Clothing

This argument, made by the Government, is below the station of the U.S. Attorney's Office. There is nothing in the record, nor anything to suggest, that Claimant's counsel is improperly seeking discovery for any criminal investigation. This straw-man-argument is designed, first, to improperly threaten Claimant into dropping its claim to the improperly seized funds by simply mentioning the alleged criminal investigation. Secondly it is meant to shield producing evidence that the Claimant is entitled to.

The Government has yet to produce text messages referred to in the transcript of the dashcam, yet to produce body worn camera footage on the day of the seizure, and yet to produce evidence that the government spent significant resources on the Missouri stake-out before the seizure. Some of the Government's documents Claimant had to get from a media reporter. The reporter had evidentiary documents that were not provided in the discovery materials from the government. In itself such is shocking. In fact, to date, the Government has not formally responded to *any* discovery, rather, they have simply piecemealed the document production at their leisure. This discovery is required for Claimant to defend itself, both in general and to

properly answer the motion for summary judgment. Claimant will not dignify the allegation that it is seeking discovery related to a criminal investigation any further. To do so would be to antagonize the very law enforcement apparatus that wants to "crush" and "smash" Claimant. To that end, the Government has put Claimant is in an impossible position.

**Conclusion**

The motion for summary judgment should be stayed to give Claimant the opportunity to conduct discovery, including brining a motion to compel, because the Government refuses to provide texts, camera footage, and other documents known to exist based on the dashcam. That the contents of in discovery is extremely embarrassing to the Government – as the dashcam is – is not a reason for the Government to withhold the discovery or seek a dispositive motion before such can be discovered.

CAVANAUGH, BIGGS & LEMON, P.A.

By /s/Thomas G. Lemon
  Thomas G. Lemon - 16120
  3200 S.W. Huntoon
  Topeka, Kansas  66604
  TEL: 785/440-4000
  FAX: 785/440-3900


  /s/David Christopher Bass
  David Christopher Bass – 296380 (CA)
  Koeller Nebeker Carlson and Haluck LLP
  1478 Stone Point Drive, Suite 435
  Roseville, CA 95661
  ATTORNEYS FOR CLAIMANT

CERTIFICATE OF SERVICE

I hereby certify that on the 1st of August 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Colin Wood, United States Attorney's Office.

CAVANAUGH, BIGGS & LEMON, P.A.

s/ Thomas G. Lemon - 16120
 ATTORNEYS FOR CLAIMANT
