## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

$165,620.00 IN UNITED STATES
CURRENCY,

      Defendant,

      and

EMPYREAL ENTERPRISES, LLC,

      Claimant.

Case No. 6:21-CV-01215-HLT-KGG

## ORDER

Plaintiff United States of America brings this civil forfeiture action for $165,620 of medical marijuana proceeds. Law enforcement seized the proceeds during transport through Kansas from legal dispensaries in Missouri to a bank in Colorado. Claimant Empyreal Enterprises, LLC—the cash-in-transit (armored car) business from which the money was seized—submitted a claim to the money.

Plaintiff seeks partial summary judgment. Doc. 46. Claimant argues that it cannot respond to Plaintiff's motion because it has received very limited discovery and cannot defend its claim without more. Claimant seeks a stay of briefing under Rule 56(d). Doc. 48. The discovery deadline is December 1, 2022.

Rule 56(d) states that a court may defer consideration of a motion, deny the motion, allow time to take discovery, or issue any other appropriate order when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."

The Tenth Circuit explains that the nonmovant must specify "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (internal quotation and citation omitted).

The Court concludes that the summary judgment motion is premature at this stage. Plaintiff's motion asks the Court to decide, as a matter of law, (1) the legal forfeitability of the money; and (2) Claimant's affirmative defense of the Rohrabacher-Farr Amendment. But Claimant has shown why a factual record may be important to resolution of these issues. The Court thus exercises its discretion and finds that it would be inequitable and unjust to require responsive briefing without the benefit of discovery. *See Trans-W. Petrol., Inc. v. U.S. Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016) (explaining that a Rule 56(d) motion is within the court's discretion).

Claimant identifies the probable facts not available: (1) the actions of agents and others relating to the constitutionality of the search, such as testimony about who was at the scene, the federal banking system, other Kansas seizures of business supplies for Missouri medical cannabis producers and dispensaries, and bias of agents, and (2) the DEA's surveillance and other acts in Missouri (which relate to application of the Rohrabacher-Farr Amendment). Claimant explains it does not yet have the facts because discovery has only begun, Plaintiff has not yet responded to its requests, and much of the information is in Plaintiff's hands. Claimant also points to the discovery it has propounded as a showing of the steps it is taking. And Claimant estimates it needs 120 days to get the discovery it needs to respond to the motion.[1]

---

[1] Claimant made this representation on June 24, 2022, so the Court presumes Claimant anticipates completing discovery within the current discovery deadline. The docket sheet suggests discovery has been ongoing while this motion has been pending. *See* Docs 47, 59, & 60.

Claimant has adequately identified the discovery it needs and has a plan for obtaining that discovery. Plaintiff seems to believe this case won't require much discovery because it is a civil forfeiture case, but discovery proportional to the needs of the case is appropriate. And it is appropriate <u>before</u> requiring Claimant to respond to the pending summary judgment motion.

Accordingly, the Court denies Plaintiff's summary judgment motion without prejudice to refiling after Claimant has had opportunity to conduct discovery.[2] In denying the motion, the Court expresses no opinion on the ultimate merits of any of the issues raised in the motion or whether Claimant will be able to discover evidence to defeat any of the arguments made.

THE COURT THEREFORE ORDERS that Claimant's Rule 56(d) motion (Doc. 48) is GRANTED.

IT IS FURTHERED ORDERED that Plaintiff's motion for partial summary judgment (Doc. 46) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: September 7, 2022                    /s/  *Holly L. Teeter*
                                            HOLLY L. TEETER
                                            UNITED STATES DISTRICT JUDGE

---

[2]  Claimant requested only a stay of briefing but the Court has discretion to deny the motion without prejudice instead. This decision does not prejudice Plaintiff, as the dispositive motion deadline is not until after discovery closes. And it is reasonable that additional discovery may impact Plaintiff's own briefing.