IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff, | )<br>)<br>) |
| vs. | )   Case No. 21-1215-HLT-KGG |
| $165,620.00 in UNITED STATES CURRENCY,<br>        Defendant, | )<br>)<br>) |
| And | )<br>) |
| EMPYREAL ENTERPRISES, LLC.<br>        Claimant. | )<br>)<br>) |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RESPOND TO CLAIMANT'S
REQUEST FOR ADMISSIONS OUT OF TIME OR IN THE
<u>ALTERNATIVE AMEND ADMISSIONS</u>**

Claimant Empyreal Enterprises, LLC, by and through its attorneys, submits the following Response in Opposition to Plaintiff's Motion to Respond to Claimant's Request for Admissions Out of Time or in the Alternative Amend Admissions [Dkt. No. 64].

**INTRODUCTION**

Contrary to Plaintiff's representation that the time that had elapsed between the response deadline of June 10 and the United States' actual response on September 9 was "relatively short," Plaintiff's Motion at p. 7, the reality is that the responses were not served until more than 90 days after they were due. *Compare Raiser v. Utah County*, 409 F.3d 1243, 1247 (10th Cir. 2005) (only two weeks had passed between the due date for plaintiff's response and the date he filed his motion to amend his admissions or allow an untimely response).

The result is that Claimant is left with less than 90 days to complete discovery by the December 1, 2022 deadline, and Plaintiff has indicated that it will not allow Claimant to conduct certain discovery.

1

**ARGUMENT**

Fed.R.Civ.P. 36(a)(3) provides that a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves a written answer or objection or a longer period of time for responding is ordered by the court. "[W]hile this result may be harsh, such a process is necessary to ensure 'the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure.'" *Western Inv., Inc. v. Continental Western Ins. Co.*, 2022 WL 4447427, *3 (D. Kan. 2022) (quoting *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)).

A matter admitted is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Fed.R.Civ.P. 36(b). The court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. *Id.*

Under the first part of the Rule 36(b) test, the party moving to withdraw or amend an admission has the burden of demonstrating that the presentation of the merits of the action will be subserved or facilitated by permitting the withdrawal. *Econ Int'l, Inc. v. Garrahan*, 2013 WL 12250856, * 1 (D. Kan. 2013). Among the factors that may be considered are 1) whether the admission is contrary to the record in the case, 2) whether an admission is no longer true because of changed circumstances, 3) whether, through an honest error, a party has made an improvident admission, and 4) whether the effect of upholding the admissions would be practically to eliminate any presentation of the merits. *Id.* (citing *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991)). This part of the test emphasizes the importance of having the action resolved on the merits and is satisfied when upholding the admissions would practically eliminate any presentation of the case on the merits. *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005).

The second part of the Rule 36(b) test requires the party opposing the withdrawal to show that it would be prejudiced by withdrawal of the admissions. *Raiser*, 409 F.3d at 1246. Mere inconvenience or the fact that the party who obtained the admissions now has to convince the jury of its truth does not

constitute prejudice for this purpose; the prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.  *Id.*

### A. Plaintiff Has Failed to Demonstrate Excusable Neglect In Seeking To Respond To Claimant's Requests For Admission Out Of Time.

A request for leave to respond to requests for admission out of time requires compliance with Fed.R.Civ.P. 6.  *See Midland Nat'l Life Ins. Co. v. Johnson-Marin*, 2010 WL 11565106, *2-4 (D. Kan. 2010).  When a request for extending the time for doing an act is made after the time for doing the act has expired, the requesting party must show that its failure to act within the deadline was due to "excusable neglect."  *Id.* (citing Fed.R.Civ.P. 6(b)(1)(B) and D. Kan. Rule 6.1).

Here, Plaintiff offers no excuse for neglect in having failed to respond to Claimant's requests for admission within the 30-day deadline.  *Midland*, 2010 WL 11565106, *4.  Indeed, the lifting of the stay of discovery during the status conference on May 23, 2022, should have alerted Plaintiff to its need to resume its discovery obligations.  Instead, Plaintiff waited more than 90 days to serve its answers and objections.

As in *Midland*, Plaintiff did not misinterpret a rule; it completely ignored a deadline.  *Midland*, 2010 WL 11565106, *4.  Having failed to offer any basis for excusable neglect, Plaintiff's request for leave to respond to requests for admission out of time should be denied.

### B. Plaintiff Is Not Entitled To Withdraw Or Amend Its Admissions.

The paramount consideration in determining whether to allow a withdrawal or amendment of admissions is whether "upholding the admissions would practically eliminate any presentation of the merits of the case."  *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005).

With respect to **Requests 1, 2, 3 and 4**, Plaintiff fails to explain why admission of those requests would practically eliminate any presentation of the merits of the case.  Each of those requests concerns Plaintiff's reasons for not stopping or causing Claimant's vehicle to be stopped in Missouri.  Plaintiff's

reasons for not stopping or causing Claimant's vehicle to be stopped in Missouri does not prevent Plaintiff from presenting at trial the reasons for stopping Claimant's vehicle in Kansas, where the violation of law is alleged to have occurred. *See* Plaintiff's Motion at p. 4 ("The van was stopped in Kansas because it is a Kansas investigation and the violation occurred in Kansas.").

Plaintiff also contends that the requests "imply that state legalization of marijuana coupled with the Rohrabacher-Farr appropriations rider legalized marijuana federally, which is factually incorrect." Plaintiff's Motion at p. 4. But the requests do not seek admissions of legal conclusions; they seek admissions of fact. The legal consequences of those factual admissions are matters to be determined at trial. Plaintiff cites no authority for the proposition that it need not respond to a request for an admission of fact because it impliedly might give rise to an incorrect interpretation of law.

Plaintiff further argues that Requests 1-4 incorrectly imply that the seized proceeds were from sales that complied with Missouri law and that the "United States is without sufficient information to be able to admit or deny whether the marijuana dispensaries from whom Claimant picked up cash were operating in compliance with Missouri law." Plaintiff's Motion at p. 4 and Attachment A at Responses to Requests 1-4.

Plaintiff's argument essentially asks the court to hold its admission in abeyance because further discovery may reveal facts contrary to the admission. Indeed, Plaintiff fails to state that it has even made reasonable inquiry in responding to the requests. Fed.R.Civ.P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.").

However, "Plaintiff cites no authority for its proposal that once a request for admission has been admitted due to a failure to timely respond, the Court can hold that admission in abeyance until some unknown time in the future." *Western Inv., Inc. v. Continental Western Ins. Co.*, 2022 WL 4447427, * 4-5 (D. Kan. 2022) (rejecting request to withdraw admission on the grounds that "some future, unspecified

4

discovery may be contrary to this admission").

With respect to **Request 5**, Plaintiff fails to support its argument that the request is contrary to the record in the case and fails to explain why admission of that request would practically eliminate any presentation of the merits of the case.

With respect to **Requests 10 and 11**, Plaintiff once again asserts a lack of knowledge for failing to timely respond to the requests. Attachment A at Responses to Requests 10 and 11. Again, however, Plaintiff has failed to indicate that it made a reasonable inquiry in responding to the requests as required by Fed.R.Civ.P. 36(a)(4), and an admission cannot be held in abeyance because further discovery may reveal facts contrary to the admission. *Western Inv., Inc.*, 2022 WL 4447427, * 4-5.

Plaintiff also contends that the dispensaries' compliance with Missouri state law was not "relevant to the transportation of drug proceeds into Kansas." Plaintiff's Motion at p. 5 and Attachment A at Responses to Requests 10 and 11. However, Plaintiff cites no authority that lack of relevance is a basis for failing to respond to a request for admission. The relevance of the admission is a matter to be determined at trial.

With respect to **Request 13**, Plaintiff acknowledges that the words "cannabis, marijuana (or any other terms for marijuana)" were not used during the May 17, 2021 stop. Plaintiff's Motion at p. 6 and Attachment A at Response to Request 13. Instead, Plaintiff suggests that the terms "dispensary" or "product" were "clearly used in reference to marijuana" and that marijuana was implied with the term 'dispensary' or product.'" *Id.*

However, Request 13 does not ask Plaintiff whether the words "cannabis" or "marijuana" were "referenced" or "implied" during the May 17, 2021 traffic stop. The request asked Plaintiff to admit, and Plaintiff has acknowledged, that those words were not used during the May 17, 2021 traffic stop. While nothing prevents Plaintiff from making the argument at trial that "marijuana" was referenced or implied through the use of the terms "dispensary" and "product," the fact remains for purposes of Claimant's requests for admission that neither "cannabis" nor "marijuana" were used during the May 17, 2021 traffic

stop.  The fact finder can determine at trial whether those terms are synonymous.

With respect to **Request 14**, Plaintiff fails to explain why admission of that request would practically eliminate any presentation of the merits of the case.  Request 14 simply asks Plaintiff to admit that no investigation was conducted into the lawful medical marijuana dispensaries.  It does not require that Plaintiff admit to the lawfulness of those dispensaries.

With respect to **Request 15**, Plaintiff fails to explain why admission of that request would practically eliminate any presentation of the merits of the case.  Request 15 simply asks Plaintiff to admit that no investigation was conducted into the lawfulness of the dispensaries in light of the Rohrabacher Farr appropriations rider.  It does not require that Plaintiff admit to the lawfulness of those dispensaries.

In fact, Plaintiff has filed a motion seeking partial summary judgment that the Rohrabacher-Farr appropriations rider affirmative defense does not apply for reasons other than the dispensaries' compliance with Missouri law. *See* United States' Motion for Partial Summary Judgment as to Forfeitability and as to Claimant's Affirmative Defense of Rohrabacher-Farr Amendment [Dkt. No. 46].  Thus, Plaintiff has demonstrated by its motion that it can present the merits of its case without regard to whether it conducted an investigation into the lawfulness of the dispensaries at issue.

With respect to **Request 17** (erroneously marked as the second 15), Plaintiff fails to establish that the admission is contrary to the record.  In particular, Plaintiff fails to demonstrate that the validity of the Colorado tag was determined *after* Detective Robison approached and talked to the driver instead of *before* he approached and talked to the driver per Request 17.  Without supporting documentation, Plaintiff simply opines that the validity of the tag "*would* come from dispatch after a proper check was completed well after contact was made with the driver."  Plaintiff's Motion at pp. 6-7 (emphasis added).  Plaintiff fails to establish that the validity of the tag *did* come from dispatch after contact was made with the driver.

Plaintiff also fails to explain once again why admission of Request 17 would practically eliminate any presentation of the merits of the case.

### C. **Claimant Would Be Prejudiced By The Withdrawal Or Amendment Of The Admissions.**

The prejudice contemplated by the second part of Rule 36(b) relates to the difficulty a party may face in proving its case, such as the unavailability of witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted. *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005).

Claimant now has less than 90 days to complete discovery, and Plaintiff has indicated that it will not allow Claimant to conduct certain discovery. In particular, Plaintiff has asserted that the information responsive to Request 14 (and by logical extension, corollary Request 15) is protected from disclosure. In short, Plaintiff has indicated that those avenues of discovery are not available to Claimant. That is precisely the type of prejudice contemplated by the second part of Rule 36(b). *See Midland Nat'l Life Ins. Co. v. Johnson-Marin*, 2010 WL 11565106, *5 (D. Kan. 2010) (holding that inability to conduct discovery constituted prejudice under Rule 36(b)).

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Respond to Claimant's Request for Admissions Out of Time or in the Alternative Amend Admissions [Dkt. No. 64] should be denied.

Thomas G. Lemon - 16120
CAVANAUGH, BIGGS & LEMON, P.A.
3200 SW Huntoon
Topeka, KS 66604
TEL: 785/440-4000
FAX: 785/440-3900
E-MAIL: tlemon@cavlem.com

David Christopher Bass – 296380 (CA)
Koeller Nebeker Carlson and Haluck
LLP 1478 Stone Point Drive, Suite 435
Roseville, CA 95661

*Attorneys for Claimant*

7