## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,     )
     )
        Plaintiff,     )
     )
v.     )     Case No. 2:21-cv-1215-HLT-KGG
     )
$165,620.00 IN UNITED STATES     )
CURRENCY, *more or less*,     )
     )
        Defendant,     )
     )
     )
EMPYREAL ENTERPRISES, LLC     )
     )
        Claimant.     )
_____)_____

## MEMORANDUM AND ORDER GRANTING MOTION TO RESPOND TO CLAIMANT'S REQUEST FOR ADMISSIONS OUT OF TIME

Now before the Court is "Plaintiff's Motion to Respond to Claimant's Request for Admissions Out of Time or in the Alternative Amend Admissions." (Doc. 64). Claimant opposes the motion arguing there are not circumstances present that should allow Plaintiff to respond to the requests for admission out of time. (Doc. 66).

The Court finds that the Plaintiff has met its burden to show that upholding the admissions would prevent the case from being heard on the merits. The Court further finds that the Claimant will not be prejudiced and excusable neglect present. Accordingly, Plaintiff's motion is **GRANTED.**

1

## I.   Background

The United States of America (hereinafter "United States" or "the government") brought this action on September 3, 2021, seeking to forfeit and condemn the property[1] in dispute for violations of federal law. (Doc. 1, at 1). Empyreal Enterprises, LLC (hereinafter "Empyreal" or "Claimant") filed a verified claim on October 8, 2021, requesting the Court release and return the currency in possession of the United States. (Doc. 6). After several months of discovery, Claimant served its First Request for Admissions on March 2, 2022. However, no notice of service was filed with the Court. Shortly thereafter, the parties jointly agreed to stay the case for 60-days. (Doc. 24). The stay was subsequently lifted on May 23, 2022. After the case resumed, lead counsel changed for the government. The United States provided its response to Claimant's Request for Admission on September 9, 2022. (Doc. 63).

## II.   Analysis

Claimant's requests seek admissions regarding the legalization of marijuana, the Rohrabacher-Farr amendment, details of the traffic stops that led to the seizure of the money in dispute, and other information relating to the officers involved. In making its request to file its admissions out of time, the government argues that responding to the admissions will promote the presentation of the merits of the action and will not prejudice the Claimant in advancing its case.

---

[1]The property in dispute is $165,620.00 in United States Currency, more or less.

Fed. R. Civ. P. 36(a)(3) states "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." It is not disputed that counsel for the government did not respond to Claimant's First Request for Admission within 30-days. Therefore, the requests are deemed admitted under Rule 36. However, Plaintiff now seeks leave to deny or otherwise respond to Requests Nos. 1-5, 10, 11, 13, 14, 15, and 17.

Fed. R. Civ. P. 36(b) provides that a matter admitted under Rule 36 is conclusively established unless the Court permits the admission to be withdrawn or amended. Rule 36(b) presents a two-part test to determine whether a party may withdraw or amend an admission. *Thompson v. Harness*, No. 11-1220-JTM, 2012 WL 1893505, at *1 (D. Kan. May 23, 2012). The Court may permit the admission to be withdrawn or amended if (1) the withdrawal or amendment would promote the presentation of the merits of the action and (2) it would not prejudice the requesting party in maintaining or defending the action on the merits. *Id.*; Fed. R. Civ. P. 36(b).

The party moving to amend or file its admissions out of time bears the burden of proving that the presentation of the merits will be facilitated by allowing the admissions to be served or amended. *W. Inv., Inc. v. Cont'l W. Ins. Co.*, No. 22-1083-JAR-RES, 2022 WL 4447427, at *4 (D. Kan. Sept. 23, 2022). The first prong of the two-part inquiry is satisfied when upholding the admissions would essentially prevent the case from being heard on the merits. *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (citing *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)). Additional factors

3

the Court may consider include: (1) whether the admissions are contrary to the record; (2) whether the admissions are no longer true due to changed circumstances; (3) whether a party made an improvident admission through an honest error; and (4) whether upholding the admission would eliminate any presentation of the merits. *Encon Int'l, Inc. v. Garrahan*, No. 11-2137-KGS, 2013 WL 12250856, at *1 (D. Kan. Feb. 14, 2013) (citing *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991)). To satisfy the second prong of the test, the requesting party must show actual prejudice—inconvenience does not amount to prejudice. *Raiser*, 409 F.3d at 1246. Whether a party is prejudiced depends on the difficulty a party faces in proving its case. *Id.*

The Court finds that both prongs of the test have been met. First, the government has shown that the admissions are contrary to the record and would prevent the case from being heard on the merits. The government, with sufficient particularity, explained why the admissions would be factually incorrect. Allowing the case to be heard or decided on a set of incorrect facts, in essence, prevents the case from being heard on the merits. Moreover, the Court does not find that Claimant is prejudiced. The Claimant has not shown that there will be a heightened level of difficulty in proving its case because of a "sudden need to obtain evidence" due to questions previously deemed admitted. *Raiser*, 409 F.3d at 1246. Accordingly, the Court is convinced both prongs of the inquiry are satisfied.

The moving party must also show "excusable neglect." To do so, the Court considers the following factors: "(1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3)

danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings." *Grider v. Shawnee Mission Med. Cntr., Inc.*, No. 16-2750-DDC-GLR, 2018 WL 2225011, at *2 (D. Kan. May 15, 2018) (internal citation omitted). However, the Tenth Circuit requires more than a failure to meet deadlines to deny a party relief from an admission. *Raiser*, 409 F.3d at 1247.

The Court finds excusable neglect present. The motion was filed more than two months before the discovery deadline, there is no evidence the government acted in bad faith, and the Court has already found a lack of prejudice to the Claimant. Moreover, no "notice of service" was filed with the Court. There is also minimal threat to the current judicial proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Respond to Claimant's Request for Admissions Out of Time or in the Alternative Amend Admissions (Doc. 64) is hereby **GRANTED**.

**SO ORDERED.**

Dated November 2, 2022.

/S KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge

5